ROWLAND v. THE STATE.

May Term,
1860.

ROWLAND
v.
THE STATE.

Upon an indictment against *A.* and two others unknown, for an assault and battery with intent to rob, the state was permitted to prove that during the afternoon and evening preceding the assault, which was about nine o'clock at night, the defendant and *B.* and *C.* were seen together, and that upon these persons being brought into the presence of the prosecuting witness next day, defendant and *B.* were partially recognized, as two who were present, engaged in the crime; but the principal witness did not implicate nor mention *B.* or *C.* The defendant having shown that *B.* and *C.* went to their room at half after eight o'clock, offered to prove that *B.* was in bed at the time of the assault, &c. *Held*, that this evidence should have been heard.

If misconduct of the jury, in suffering outside rumor to influence their verdict, be assigned as error, it must appear that the rumor was known to the jury at the time their verdict was agreed upon.

APPEAL from the *Vanderburgh* Circuit Court.

HANNA, J.—The appellant and two others, to the jurors unknown, were indicted for an assault and battery with intent to rob. The appellant was tried and convicted.

On the trial evidence was given by the state, that during the afternoon and evening preceding the time when the offense was committed, which was about nine o'clock at night, the defendant and two persons named *Roberts* and *Willis* were seen together; and that, on the next day afterwards, upon said three persons being brought into the presence of the prosecuting witness, the defendant and *Roberts* were by him partially recognized, as two that were present, engaged in the crime.

This principal witness, in his testimony, does not implicate either *Roberts* or *Willis*, nor, indeed, in any manner mention them.

The defendant, having shown that about half after eight o'clock *Roberts* and *Willis* retired to their room at the hotel, then offered to prove by the same witness, that *Roberts* was in bed at the time of the commission of the crime. Upon the objection of the state the evidence was not admitted. Was this ruling correct?

We are not able to say what effect, if any, it had upon the verdict of the jury. Perhaps the introduction, by the

state, of the statements of the witness, the injured man, was improper; but as they were thus introduced, without objection, that fact, together with the other evidence, of the defendant and the other two persons having been seen in company, was such as might tend to produce the impression upon the mind of the jury that they committed the offense. The evidence should have been heard.

One of the reasons assigned for a new trial was, misconduct of the jury, in this, in suffering a report, that defendant had but recently come out of a penitentiary, to influence their decision. In support of this was the affidavit of defendant, that he was informed that one *Hughes*, a juryman, had been so influenced; and, also, the affidavit of one *Sherwood*, to the effect that, upon his expressing to *Hughes* his belief that the verdict was pretty hard, on the evidence, *Hughes* remarked that "the fact that the defendant came here right out of a penitentiary, taken in connection with the circumstances, showed that he ought to have been convicted." Upon inquiry by affiant, as to how he knew that fact, *Hughes* replied that "such was the report."

We think this falls short of showing that the report was known to the jury at the time the verdict was agreed upon, and operated upon, or in any manner controlled them in their decision.

*Per Curiam.*—The judgment is reversed, with instructions, &c., to the keeper, &c.

*C. Denby*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.